Robert E. Barnes, Cal. Bar # 235919
The Bernhoft Law Firm, S.C.
207 E. Buffalo Street, Suite 600
Milwaukee, Wisconsin 53202
(414) 276-3333 telephone
(414) 276-2822 facsimile
rebarnes@bernhoftlaw.com

*Pro Hac Vice* Appearance (application pending)
Appearing for the Plaintiff Daien

**U.S. COURTS**

**JAN 2 1 2009**

Rcvd_____Filed_____Time_____
CAMERON S. BURKE
CLERK, DISTRICT OF IDAHO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| DONALD N. DAIEN, )<br><br>        Plaintiff,      )<br><br>    v.                        )<br><br>BEN YSURSA, in his official capacity )<br>as Secretary of State of Idaho, )<br><br>        Defendant.      ) | Civil Case No. _____<br><br>**COMPLAINT** |

## INTRODUCTION

Donald Daien ("Daien"), a supporter of an independent presidential candidate's right to

ballot access, can be put in state prison for two years for engaging in core political speech by

circulating petitions on the behalf of an independent presidential candidate in the state of Idaho.

These Idaho laws violate the fundamental right to free speech protected by the First Amendment

through the Fourteenth Amendment to the United States Constitution. Separately, the disparate

treatment of independent presidential candidates in Idaho – (a) only an independent candidate for

1

the Presidency must gather signatures for petition access, equally undermining the right to

anonymous speech of the independent's candidate's supporters;  and, (b) only an independent

presidential candidate must gather 5900 signatures, almost six times as many as any other

statewide independent candidate for any other office – mutually offends the Equal Protection

Clause of the Fourteenth Amendment.

## FACTS

1.      An independent candidate for the presidency in Idaho cannot obtain ballot

placement without submitting petitions signed by 1% of the electors from the last presidential

campaign. *See* I.C. § 34-708A (2008).  The signature requirement for independent candidates for

the Presidency constitutes approximately 5,900 signatures, almost six times as large as the

requirement for any other candidate for statewide office. *Compare* I.C. § 34-708 *with* I.C. § 34-

708A (2008).  Independent candidates for statewide elections other than presidency only require

1,000 signatures on a petition. *See* I.C. § 34-708 (2008).

2.      Party candidates do not require petition drives to be placed on the primary ballot.

*See* Idaho Code Ann. § 34-704 (2008).  Also, presidential party candidates do not have to be

designated until September 6, 2008. *See* I.C. § 34-711 (2008).  Notably, all a partisan

Presidential candidate needs to be placed on the ballot for the presidential primary is either

national recognition or a $1,000 filing fee. *See* I.C. § 34-732 (2008).

3.      Independent presidential petitions must have verified signatures in accordance

with I.C. § 34-1807. *See* I.C. § 34-708A (2008).  A person cannot circulate a petition for an

independent presidential candidate unless they are a "resident of the state of Idaho" at the time of

circulation. *See* I.C. § 34-1807 (2008).  The law already requires the county clerk to

independently verify the signatures as valid electors. *See id.*  Any signatures gathered by a non-

resident "shall be void." *See id.* The definition of resident is located in 34-107. *See id.* Any

person who violates these laws is subject to criminal penalties, up to two years in state prison.

*See* I.C. § 34-1822 (2008).

4.      Daien, a non-resident of Idaho, and like most potential independent presidential

candidate circulators from across the country, legally cannot circulate Presidential petitions on

behalf of an independent presidential candidate in the state of Idaho.

5.      Daien wishes to circulate ballot nomination petitions in the state of Idaho on

behalf of an independent presidential candidate, specifically Ralph Nader or other similarly-

minded persons.

6.      Plaintiff challenges as unconstitutional I.C. §§ 34-1807, 34-708A, and § 34-1822,

to the extent these statutes criminalize core political speech, by threatening with a felony penalty

and other penalties anyone who circulates nominating petitions on behalf of independent political

candidates for President of the United States if they are not residents of the state of Idaho, in

violation of the First and Fourteenth Amendments to the United States Constitution and 42

U.S.C. § 1983.  This law prohibits almost all potential petition circulators in the country from

circulating presidential petitions in the state of Idaho, thereby prohibiting an independent

candidate's best potential circulators from associating with the candidate in one of the most

potent means available (circulating petitions to get their candidate on the ballot) and curtailing

their core political speech.  Plaintiff further challenges the signature requirement and the number

of signatures required when Idaho law provides other effective means of ballot control, as

evidenced by its laws governing partisan presidential primary candidates, such as national

recognition and filing fee provisions, and manifested by lower signature requirements for non-

Presidential statewide candidates.

7.      Many supporters of independent candidates desire to support their candidate in elections by circulating petitions for signatures, but, as expected with a candidate for national office, most of those supporters live outside the state of Idaho.  The independent candidate could not circulate petitions for his own candidacy in Idaho under Idaho law.  Idaho law prohibits the independent candidate from associating with others to circulate petitions of the Presidency and prohibits all non-residents from circulating Presidential petitions in the state of Idaho.  Most supporters of independent candidates and petition circulators do not reside in the state of Idaho.

## JURISDICTION AND VENUE

8.      This is a civil action seeking declaratory, injunctive, and other legal and equitable relief, and the Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(a) and 2201.

9.      Venue of this action is properly in this district, pursuant to 28 U.S.C. § 1391(b)(2), on the ground that a substantial part of the events or omissions giving rise to the claim occurred in the District of Idaho.

## THE PARTIES

### Plaintiff

10.      Daien is a resident of the state of Arizona and is denied the right to circulate Presidential petitions on behalf of an independent candidate in the state of Idaho.  Daien is also a voter of Arizona and his associational and voting rights are diluted if the independent Presidential candidate he supports is not on the ballot in Idaho due to the national nature of Presidential elections.

### Defendant

11.      Defendant, Ben Ysursa ("Ysursa"), is the Secretary of the State of Idaho, and as

4

such, oversees the State's electoral processes.  The Secretary of the State enforces the state laws

at issue and despite request, refused to waive these requirements, ignoring the legal precedent of

*Nader v. Brewer*, 531 F.3d 1028 (9th Cir. 2008), issued by the Ninth Circuit Court of Appeals.

Ysursa is sued in his official capacity.

**COUNT I**
**IDAHO LAWS VIOLATE FIRST AND FOURTEENTH**
**AMENDMENT RIGHTS TO FREE SPEECH AND FREE ASSOCIATION**

12.     Paragraphs 1 through 11 and the Introduction are incorporated within this count.

13.     These laws and the actions of the Defendant violate the First Amendment and

Fourteenth Amendment rights of Daien, including the right of free speech, free association, and

equal protection of the laws, as they prohibit Daien from circulating petitions on  behalf of an

independent candidate in the state of Idaho, from associating with national non-Idaho resident

supporters in circulating such petitions, and dilute Daien's voting rights by limiting the general

election ballot access for an independent presidential candidate more than any partisan candidate

for ballot access in the state of Idaho and more than any other independent candidate for

statewide office in the state of Idaho.

14.     The challenged statutes, which criminalize core political speech, represent a direct

restraint of Plaintiff's political speech and severely burden the political speech and political

association rights of Plaintiff, in violation of the First and Fourteenth Amendments to the United

States Constitution, and 42 U.S.C. § 1983.

15.     By reason of the foregoing, the Defendant, acting under color of state law, has

deprived Plaintiff of the rights, privileges and immunities secured to them under the First and

Fourteenth Amendments to the United States Constitution and § 1983 of title 42 of the United

States Code to participate in the democratic process free from unreasonable impediments, undue

5

restraints on core political speech, free and expressive associational rights, and the right to equal protection of the laws.

16.     Plaintiffs have no adequate remedy at law for such deprivation of their rights, privileges and immunities.

## COUNT II
## IDAHO LAWS GOVERNING INDEPENDENT
## PRESIDENTIAL CANDIDATES VIOLATE FOURTEENTH
## AMENDMENT RIGHTS TO EQUAL PROTECTION OF THE LAWS

17.     Paragraphs 1 through 16 and the Introduction are incorporated within this count.

18.     These laws and the action of the Defendant violate the Fourteenth Amendment rights of Daien to equal protection of the laws by imposing a signature requirement only on Independent candidates for the Presidency (whereas partisan primary candidates require no signatures) and requiring nearly six times more signatures to be placed on the ballot than any other independent candidate for statewide office, diluting the effect of his vote for the national office of the Presidency.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully ask this Court:

(1) To enter a judgment declaring that the statutory schema limiting the rights of Independent candidates for President and limiting the circulation, speech, associational and voting of their supporters are in violation of the United States Constitution, including particularly (a) that the residency requirement for petition circulators for Independent candidates for the presidency violates the First and Fourteenth Amendment to the United States Constitution; and (b) that requiring Independent candidates for the Presidency obtain nearly six times more signatures than any other Independent candidate for statewide office and requiring such signatures when partisan Presidential candidates never have to obtain signatures for either access

6

to the primary ballot or the general election ballot violates the Fourteenth Amendment to the

United States Constitution compelling equal protection of the laws for all;

(2) To grant preliminary and permanent injunctive relief enjoining and restraining

Defendant, his servants, agents, employees, and all other persons in active concert and

participation with him from implementing and enforcing this statutory schema, including but not

limited to, enjoining Defendant from requiring petition circulators be residents of the state and

requiring signatures for statewide ballot access rather than national recognition tests or the lesser

signature requirement of other independent statewide candidates;

(3) To award Plaintiff his costs and disbursements associated with the filing and

maintenance of this action, including an award of reasonable attorneys' fees pursuant to 42

U.S.C. § 1988; and

(4) To award such other equitable and further relief as the Court deems just and proper.

Respectfully submitted on this the 14th day of January, 2009.

THE BERNHOFT LAW FIRM, S.C.
Attorneys for the Plaintiffs

_____
Robert E. Barnes, Esquire
*Pro Hac Vice* Counsel (application pending)

207 East Buffalo Street, Suite 600
Milwaukee, Wisconsin 53202
(414) 276-3333  telephone
(414) 276-2822  facsimile
rebarnes@bernhoftlaw.com