LAWRENCE WASDEN
ATTORNEY GENERAL

BRIAN KANE, ISB #6264
Assistant Chief Deputy Attorney General

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

MICHAEL S. GILMORE, ISB #1625
KARIN D. JONES, ISB #6846
Deputy Attorneys General
Statehouse, Room 210
P.O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
        Attorneys for Defendants
        State of Idaho, Idaho Department of Fish and Game and Charlie Anderson

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD N. DAIEN, | Case No. 09-022-S-REB |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| BEN YSURSA, in his official capacity as Secretary of State of the State of Idaho, | |
| Defendant. | |

        COMES NOW Defendant the Hon. Ben Ysursa, Secretary of State of the State of Idaho,

by and through his undersigned counsel of record, and hereby answers Plaintiff's Complaint in

this matter as follows.  Every allegation contained in the Complaint is denied unless expressly

admitted herein.

Answer to Complaint - 1

1)      The statements contained in the "Introduction" section of the Complaint are legal assertions that do not require a response on the part of Defendant.

2)      With respect to the allegations contained in Paragraphs 1 through 3 of the Complaint, Defendant admits only that the cited statutory provisions speak for themselves and that the allegations are legal assertions that do not require a response on the part of Defendant.

3)      With respect to the allegations contained in Paragraph 4 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff Daien's residency and therefore denies the same.  The remainder of the allegations in Paragraph 4 are legal assertions that do not require a response on the part of Defendant.

4)      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.  Defendant notes that Ralph Nader appeared on the Idaho ballot as an independent presidential candidate with respect to the 2008 presidential election.

5)      With respect to the allegations contained in Paragraph 6 of the Complaint, Defendant admits only that the cited statutory provisions speak for themselves and that the allegations are legal assertions that do not require a response on the part of Defendant. Defendant specifically denies that the cited statutory provisions are unconstitutional.

6)      With respect to the allegations contained in Paragraph 7 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the factual allegations and therefore denies the same.  The remainder of the allegations in Paragraph 7 are legal assertions that do not require a response on the part of Defendant.

7)      With respect to the allegations contained in Paragraphs 8 and 9 of the Complaint, Defendant admits that jurisdiction and venue are proper.

8)      Regarding the allegations contained in Paragraph 10 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegation that Daien is a resident and voter of the State of Arizona and therefore denies the same.  Defendant admits that non-residents of Idaho are not permitted to circulate presidential petitions on behalf of an independent candidate in the State of Idaho.  Defendant denies the remainder of the allegations contained in Paragraph 10.

9)      With respect to the allegations contained in Paragraph 11 of the Complaint, Defendant admits that he is the Secretary of State of the State of Idaho; that he oversees the State of Idaho's electoral processes; and that he enforces the statutory provisions cited within the Complaint.  Defendant admits that he did not grant Plaintiff's request to waive applicable statutory requirements, but denies that he ignored any applicable legal precedent in doing so.

10)     With respect to Paragraph 12 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 11 of the Complaint.

11)     Paragraphs 13 through 16 are legal conclusions that do not require a response.  If any part of paragraphs 13 through 16 are allegations of fact, Defendant denies the allegations contained in paragraphs 13 through 16 of the Complaint.

12)     With respect to Paragraph 17 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 16 of the Complaint.

13)     Paragraph 18 is a legal conclusion that does not require a response.  If any part of paragraph 18 contains allegations of fact, Defendant denies the allegations contained in paragraph 18 of the Complaint.

14)     Defendant denies that Plaintiff is entitled to any of the relief set forth in the Prayer for Relief contained in the Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

A plain, speedy, and adequate remedy in the ordinary course of law is available to Plaintiff, pursuant to Idaho Code § 34-215.

### THIRD DEFENSE

With respect to Plaintiff's request for injunctive relief, the allegations contained in Plaintiff's Complaint do not demonstrate sufficient likelihood of a right to the relief demanded and of irreparable harm to the Plaintiff.

### FOURTH DEFENSE

Idaho's Election Law does not place an unreasonable burden on Plaintiff's rights of freedom of speech, freedom of association, or equal protection of the laws.

### FIFTH DEFENSE

The State's interests outweigh any alleged burden imposed by Idaho's Election Law.

### SIXTH DEFENSE

Plaintiff's claims are not justiciable because they are not ripe.

### SEVENTH DEFENSE

Defendant has not been able to engage in sufficient discovery proceedings to learn all of the facts and circumstances relating to the allegations and matters described in the Complaint and therefore requests that the Court permit Defendant to assert additional affirmative defenses and claims, if warranted, once discovery has been completed.

Answer to Complaint - 4

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant prays for judgment against Plaintiff as follows:

1)      That Plaintiff's claims against Defendant be dismissed with prejudice and that Plaintiff take nothing thereunder;

2)      That Defendant be awarded its costs, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and any other applicable law; and

3)      For such other and further relief the Court deems just and equitable.

DATED this 31st day of March, 2009.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By    /s/ Karin D. Jones
MICHAEL S. GILMORE
KARIN D. JONES
Deputy Attorneys General

Answer to Complaint - 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2009, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Robert E. Barnes
The Bernhoft Law Firm, S.C.
207 E. Buffalo St., Ste. 600
Milwaukee, WI  53202

☐ U.S. Mail
☐ Hand Delivery
☐ Certified Mail, Return Receipt Requested
☐ Overnight Mail
☐ Facsimile: (414) 276-2822
☒ CM/ECF

Christ T. Troupis
Troupis Law Office PA
PO Box 2408
Eagle, ID  83616

☐ U.S. Mail
☐ Hand Delivery
☐ Certified Mail, Return Receipt Requested
☐ Overnight Mail
☐ Facsimile: (414) 276-2822
☒ CM/ECF

And, I hereby certify that I served the foregoing document(s) to the following non-CM/ECF Registered Participant(s) in the manner indicated below:

N/A.

☐ U.S. Mail
☐ Hand Delivery
☐ Certified Mail, Return Receipt Requested
☐ Overnight Mail
☐ Facsimile: _____

_____/s/ Karin D. Jones_____
Michael S. Gilmore
Karin D. Jones
Deputy Attorneys General

Answer to Complaint - 6