LAWRENCE WASDEN
ATTORNEY GENERAL

BRIAN KANE, ISB #6264
Assistant Chief Deputy Attorney General

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

MICHAEL S. GILMORE, ISB #1625
KARIN D. JONES, ISB #6846
Deputy Attorneys General
Statehouse, Room 210
P.O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-4130
Fax:  (208) 854-8073
mike.gilmore@ag.idaho.gov
karin.jones@ag.idaho.gov
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| DONALD N. DAIEN, | ) |
| Plaintiff, | ) Case No. 09-022-S-REB |
| vs. | ) |
| BEN YSURSA, in his official capacity as Secretary of State of the State of Idaho, | ) **STATEMENT OF MATERIAL FACTS THAT DEFENDANT CONTENDS ARE NOT IN DISPUTE** |
| Defendant. | ) |

Defendant the Hon. Ben Ysursa, Secretary of State of the State of Idaho, by and through his counsel of record, pursuant to Local Rule 7.1(b)(1), provides this Statement of Material Facts that Defendant Contends Are Not in Dispute.

**I.**

**EVIDENTIARY DOCUMENTS SUPPORTING STATEMENT OF MATERIAL FACTS**

The following documents also filed today support this Statement of Material Facts:

(1) Affidavit of the Hon. Ben Ysursa, Secretary of State of the State of Idaho ("Ysursa Aff."), and its five exhibits, A through E.

STATEMENT OF MATERIAL FACTS THAT DEFENDANT CONTENDS
ARE NOT IN DISPUTE - 1

  Ex. A. Examples of Petition Circulators using motels as an address ("Ysursa Aff., Ex. A").

  Ex. B. 2008 Idaho General Election Results for President ("Ysursa Aff., Ex. B").

  Ex. C. 2004 Idaho General Election Results for President ("Ysursa Aff., Ex. C").

  Ex. D. 2000 Idaho General Election Results for President ("Ysursa Aff., Ex. D").

  Ex. E. 1992 Idaho General Election Results for President ("Ysursa Aff., Ex. E").

(2) Affidavit of Counsel Michael S. Gilmore ("Gilmore Aff."), and its three exhibits, F through H:

  Ex. F. Plaintiff's Response to Defendant's First Set of Interrogatories and Requests for Production of Documents (and Requests for Admission) ("Gilmore Aff., Ex. F"),

  Ex. G. Plaintiff's Response to Defendant's First Set of Interrogatories ("Gilmore Aff., Ex. G"), and

  Ex. H. Self-authenticating documents from the case of *State of Idaho v. Carol E. Johnson*, Idaho State District Court, Nez Perce County, Case No. CR2004-0006670:

    H-1. Criminal Complaint charging Ms. Johnson with Making a False Affidavit on a Petition, I.C. § 34-1818, 34-1822, and 18-111, a Felony ("Gilmore Aff., Ex. H-1").

    H-2. Magistrate's Finding of Probable Cause Upon Defendant's Appearance Pursuant to Summons ("Gilmore Aff., Ex. H-2").

H-3. Order Binding Over, binding Ms. Johnson over for a felony trial ("Gilmore Aff., Ex. H-3").

H-4. Information accusing Ms. Johnson of Making a False Affidavit on a Petition, I.C. § 34-1818, 34-1822, and 18-111, a Felony ("Gilmore Aff., Ex. H-4").

H-5. Idaho Criminal Rule 11 Plea Agreement by Ms. Johnson to plead guilty to Making a False Affidavit on a Petition, I.C. § 34-1818, 34-1822, and 18-111, a Felony ("Gilmore Aff., Ex. H-5").

H-6. Idaho Criminal Rule 11 Order accepting Ms. Johnson's guilty plea ("Gilmore Aff., Ex. H-6").

H-7. Commitment of Ms. Johnson to Board of Correction ("Gilmore Aff., Ex. H-7").

H-8. Judgment of Conviction for Ms. Johnson for Making a False Affidavit on a Petition, I.C. § 34-1818, 34-1822, and 18-111, a Felony ("Gilmore Aff., Ex. H-8").

H-9. Order Suspending Sentence and Order of Probation for Ms. Johnson ("Gilmore Aff., Ex. H-9").

H-10. Report of Probation Violation for Ms. Johnson ("Gilmore Aff., Ex. H-10").

H-11. Bench Warrant for Ms. Johnson for violating terms of probation ("Gilmore Aff., Ex. H-11").

STATEMENT OF MATERIAL FACTS THAT DEFENDANT CONTENDS
ARE NOT IN DISPUTE - 3

## II.

## STATEMENT OF MATERIAL FACTS THAT DEFENDANT CONTENDS ARE NOT IN DISPUTE

**A.      Facts Describing the Parties and Explaining Idaho Election Laws**

1.      Plaintiff Donald Daien is not a resident of Idaho.  Complaint, Dkt. 1, ¶ 4.

2.      Plaintiff Donald Daien has stated that he "wishes to circulate ballot nomination petitions in the state of Idaho on behalf of an independent presidential candidate, specifically Ralph Nader or other similarly-minded persons."  Complaint, Dkt. 1, ¶ 5.

3.      Defendant Ben Ysursa is the Idaho Secretary of State.  He is chief executive officer of the Office of the Secretary of State, Ysursa Aff., ¶ 1, has served in the Secretary of State's Office since 1974, Ysursa Aff., ¶ 2, and is the Chief Election Officer of Idaho, Idaho Code § 34-201 and Ysursa Aff., ¶ 1.

4.      The Office of the Secretary of State prescribes forms for all declarations of candidacy and all petitions required to be filed for any elective office, including those for Independent candidates for President of the United States (hereafter "President").  Idaho Code § 34-701 and Ysursa Aff., ¶ 3.

5.      Declarations of Candidacy to become an Independent candidate for President are obtained from and filed with the Office of the Secretary of State.  Idaho Code § 34-705 and § 34-708A.  Petitions to place an Independent candidate for President on the Idaho general election ballot are initially turned into County Clerks, who check to see whether the persons signing the petitions are registered voters and who certify the number of registered voters who have signed each petition.  The petitions are then returned to the persons who provided them to the County Clerks so that the petitions may be forwarded to the Office of the Secretary of State, which determines, based upon the County Clerks' certifications, whether a candidate has obtained the

STATEMENT OF MATERIAL FACTS THAT DEFENDANT CONTENDS
ARE NOT IN DISPUTE - 4

necessary number of signatures of registered voters to be placed on the ballot. Idaho Code § 34-1807, as adopted by reference by Idaho Code § 34-708A, and Ysursa Aff., ¶ 3.

**6.** Even if an Independent candidate for President does not obtain the number of signatures required to appear on the ballot for the general election, the candidate may run as a write-in candidate and his or her votes will be counted if he or she files a declaration of intent to be a write-in candidate with the Office of the Secretary of State at least fourteen days before the general election. Idaho Code § 34-702A and Ysursa Aff., ¶ 4.

**B.     Facts Relating to Standing and Ripeness**

7.     As of August 4, 2009, Mr. Daien was not aware of any person who had declared with the Federal Election Commission that he or she was an Independent candidate for President in the 2012 election. Gilmore Aff., Ex. F, p. 2, Resp. to Int. No. 2.

8.     Mr. Daien is aware of an interview in which Mr. Nader indicated that he "may run for president in 2012," but could not cite any facts indicating whether Mr. Nader may attempt to qualify for the ballot as an Independent candidate rather than as the candidate of a political party. Gilmore Aff., Ex. F, p. 3, Resp. to Int. No. 4. Mr. Daien has no personal knowledge of Mr. Nader's intentions regarding the 2012 election. Gilmore Aff., Ex. G., p. 3, Resp. to Int. No. 4.

**9.**     As of the beginning of the business day on September 8, 2009, the date of this filing, no person has asked the Office of the Secretary of State to provide forms for declaration of candidacy as an Independent candidate for President for the 2012 general election, and no person has filed a declaration of candidacy with the Idaho Secretary of State as an Independent candidate for President for the 2012 general election. Ysursa Aff., ¶ 5.

/ / /

/ / /

**C.     Facts Relating to the Requirement that Persons Circulating Petitions in Idaho Must Be Idaho Residents**

10.     If Mr. Daien came to Idaho to support the candidacy of an Independent candidate for President in 2012, he could accompany any resident of Idaho who was circulating petitions to put that Independent candidate for President on the general election ballot without violating any of the Idaho laws that are the subject of his Complaint. Gilmore Aff., Ex. F, p. 6, Resp. to Req. Adm. No. 1.

11.     If Mr. Daien came to Idaho support the candidacy of an Independent candidate for President in 2012, he could speak to any qualified Idaho elector who was willing to listen concerning his reason for supporting an Independent candidate for President whose petition was being circulated by an Idaho resident without violating any of the Idaho laws that are the subject of his Complaint. Gilmore Aff., Ex. F, p. 6, Resp. to Req. Adm. No. 2.

12.     There has been at least one instance in past Idaho elections in which a person purported to circulate election petitions (in this case for an initiative), pleaded guilty to making a false affidavit on a petition (forging signatures) in violation of Idaho Code §§ 34-1818, 34-1822 and 34-111, a felony, and absconded from her supervised probation after pleading guilty. See Gilmore Aff.:

(a)     Ex. H-1 through H-3, which detail proceedings in the Magistrate Division of the District Court of Nez Perce County, resulting in binding Carol E. Johnson over for the felony of Making a False Affidavit on a Petition, I.C. § 34-1818, 34-1822, and 18-111;

(b)     Ex. H-4 through H-9, which detail Ms. Johnson's guilty plea and sentencing in District Court for the felony of Making a False Affidavit on a Petition, I.C. § 34-1818, 34-1822, and 18-111, and

/ / /

  (c) Ex. H-10 and H-11, which detail Ms. Johnson's absconding during her probation and the issuance of a bench warrant for her arrest (by this time Ms. Johnson was listing a local motel as her address).

  13. There have been instances of persons who circulated petitions for Idaho elections giving addresses that are motels, which indicates that they are likely to be transient and may not have ties to the State. It may be difficult to find such persons if they were to violate Idaho elections laws while circulating petitions. Ex. A provides examples of such persons who circulated petitions for an initiative for the 2006 general election ballot. See Ysursa Aff., ¶ 7.

  (a) Sam Lopez, Jr., who gave an address of 900 Lindsay Blvd. Idaho Falls Idaho 83402, which is the address of the Best Western Cotton Tree Inn, a motel;

  (b) Robert T. Kernan, who gave an address of 2600 Fairview Avenue Boise Idaho 83702, which is the address of the Budget Inn, a motel;

  (c) Ravi Patel, who gave an address of 1600 [West] Main Street Boise Idaho 83702, which is the address of the Cabana Inn, a motel;

  (d) M. Brunner [signature illegible, this may be a misspelling], who gave an address of 3633 Chinden Blvd, no city listed, which is the address of the Seven K Motel in Garden City, Idaho;

  (e) Rosemarie Prilliman, who gave an address of 2773 Elder Street #221 Boise I.D. 83705, which is the address of the Super 8, which is a motel.

  (f) Thomas Egley, Jr., who also gives an address of 2773 Elder Street Boise Id 83705, which is the address of the Super 8, which is a motel.

/ / /

/ / /

STATEMENT OF MATERIAL FACTS THAT DEFENDANT CONTENDS
ARE NOT IN DISPUTE - 7

D.  **Facts Relating to the Number of Signatures Required to Qualify for the Ballot as an Independent Candidate for President**

14.     The candidate to whom Mr. Daien refers in his Complaint—Ralph Nader—has received substantial votes in Idaho general elections as an Independent candidate for President, either as a write-in Independent candidate or as an Independent candidate who qualified for the ballot.  So have other Independent candidates.  Ysursa Aff., ¶ 8.

15.     In 2008 Mr. Nader qualified for the ballot as an Independent candidate for President by gathering signatures of registered voters exceeding 1% of the number of votes cast for presidential electors in 2004.  In 2008 Mr. Nader received 7,175 votes, or about 1.1% of the 655,032 ballots cast for the four candidates of political parties who qualified for the ballot and for Mr. Nader.  See Ysursa Aff., ¶ 9 and Ex. B.

16.     In 2004 Mr. Nader received 1,115 write-in votes as an Independent candidate for President, or about 0.2% of the 598,376 ballots cast for the four candidates of political parties who qualified for the ballot and for Mr. Nader.  See Ysursa Aff., ¶ 10 and Ex. C.

17.     In 2000 Mr. Nader received 12,292 write-in votes as an Independent candidate for President, or about 2.5% of the 501,315 ballots cast for the six candidates of political parties who qualified for the ballot and for Mr. Nader.  See Ysursa Aff., ¶ 11 and Ex. D.

18.     Other candidates besides Mr. Nader in 2008 have gathered sufficient signatures to appear on the ballot as an Independent candidate for President.  In the general election of 1992, three candidates appeared on the Idaho ballot as Independent candidates for President:  Lenora Fulani, Bo Gritz, and Ross Perot.  They received 613, 10,281 and 130,395 votes respectively, or about 0.1%, 2.1%, and 27.0%, respectively, of the 482,114 votes cast for President for the three party and three Independent candidates for President.  Ysursa Aff., ¶ 12 and Ex. E.

/ / /

19. Mr. Nader was an Independent write-in candidate for President in Idaho in 2000. Mr. Nader appeared on other States' ballots in 2000 as the Presidential candidate of the Green Party. The Green Party has never qualified for the ballot in Idaho. Political parties may qualify for the ballot in Idaho by one of three ways prescribed in Idaho Code § 34-501(1):

(a) by having three or more candidates for statewide or national office,

(b) by having one of its candidates for statewide office poll at least 3% of the aggregate total vote for President or Governor, or

(c) by obtaining the signatures of 2% of the number of qualified electors who voted for President or Governor in the preceding general election.

In 2000 the Green Party did not meet any of these conditions, so it was necessary for Mr. Nader to run in Idaho as an Independent candidate for President while he was running as a Green Party candidate in many other States. This shows that Mr. Nader has pursued Independent candidate status in Idaho while in the same election he was affiliated with a political party in other States. Ysursa Aff., ¶ 13.

DATED this 8th day of September, 2009.

    STATE OF IDAHO
    OFFICE OF THE ATTORNEY GENERAL

By    */s/ Karin D. Jones*
    MICHAEL S. GILMORE
    KARIN D. JONES
    Deputy Attorneys General

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September 2009, I electronically filed the foregoing STATEMENT OF MATERIAL FACTS THAT DEFENDANT CONTENDS ARE NOT IN DISPUTE with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Robert E. Barnes
The Bernhoft Law Firm, S.C.
207 E. Buffalo St., Ste. 600
Milwaukee, WI   53202

☐ U.S. Mail
☐ Hand Delivery
☐ Certified Mail, Return Receipt Requested
☐ Overnight Mail
☐ Facsimile: (414) 276-2822
☒ CM/ECF

Christ T. Troupis
Troupis Law Office PA
PO Box 2408
Eagle, ID   83616

☐ U.S. Mail
☐ Hand Delivery
☐ Certified Mail, Return Receipt Requested
☐ Overnight Mail
☐ Facsimile: (414) 276-2822
☒ CM/ECF

           */s/ Karin D. Jones*
Michael S. Gilmore
Karin D. Jones
Deputy Attorneys General

STATEMENT OF MATERIAL FACTS THAT DEFENDANT CONTENDS
ARE NOT IN DISPUTE - 10