LAWRENCE WASDEN
ATTORNEY GENERAL

BRIAN KANE, ISB #6264
Assistant Chief Deputy Attorney General

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

MICHAEL S. GILMORE, ISB #1625
KARIN D. JONES, ISB #6846
Deputy Attorneys General
Statehouse, Room 210
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-4130
Fax: (208) 854-8073
mike.gilmore@ag.idaho.gov
karin.jones@ag.idaho.gov
    Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD N. DAIEN,<br><br>    Plaintiff,<br><br>vs.<br><br>BEN YSURSA, in his official capacity as Secretary of State of the State of Idaho,<br><br>    Defendant. | Case No. 09-022-S-REB<br><br>**AFFIDAVIT OF DEFENDANT, THE HON. BEN YSURSA, SECRETARY OF STATE OF IDAHO** |

STATE OF IDAHO  )
                     ) ss.
COUNTY OF ADA  )

    Your affiant, the Hon. Ben Ysursa, Secretary of State of the State of Idaho, being first duly sworn upon oath, and states upon personal knowledge as follows:

### A. Identify of Affiant and Background and Experience

    1.    I am Ben Ysursa. I am the Defendant in this case. I am the duly qualified Secretary of State of the State of Idaho. I was first elected Secretary of State in the general election of November 5, 2002, and took office on January 6, 2003. I was re-elected Secretary of State in the

general election of November 7, 2006. I have continued to serve as of Secretary of State from January 6, 2003, until the present. The Secretary of State is the chief executive officer in the Office of the Secretary of State. The Secretary of State is the chief election officer of Idaho. Idaho Code §34-201. I have personal knowledge of all of the matters discussed in this Affidavit, except where I indicate that I have relied upon staff in the Office of Secretary of State to verify certain information.

  2. Before I was elected Secretary of State in 2002 and assumed that office in 2003, I was Chief Deputy Secretary of State during the primary and general elections held in every even numbered year from 1976 to 2002. I joined the Secretary of State's Office in 1974 and was Chief Elections Deputy during the primary and general elections of 1974. Based upon my experience first as Chief Elections Deputy, then as Chief Deputy Secretary of State, and finally as Secretary of State, I am familiar with general and primary elections in Idaho.

  3. Under Idaho law, the Office of the Secretary of State prescribes forms for all declarations of candidacy and all petitions required to be filed for any elective office, including those for Independent candidates for President of the United States (hereafter "President"). Idaho Code § 34-701. An Independent candidate for President would have to take the following steps to secure a place on the Idaho general election ballot. A Declaration of Candidacy form to become an Independent candidate for President in 2012 would be obtained from and filed with the Office of the Secretary of State. Idaho Code § 34-705 and § 34-708A. Petitions to place an Independent candidate for President on the 2012 Idaho general election ballot would initially be turned into County Clerks, who would check to see whether the persons signing the petitions were registered voters and who would certify the number of registered voters who signed each petition. The petitions would then be returned to the persons who provided them to the County Clerks so that the petitions would be forwarded to the Office of the Secretary of State, which would determine, based upon the County Clerks' certifications, whether the candidate had obtained the necessary number of signatures of registered voters to be placed on the ballot. Idaho Code § 34-1807, as adopted by reference by Idaho Code § 34-708A. The necessary number of

signatures would be 1% of the ballots cast for Presidential electors in 2008, or 1% of 655,032. Idaho Code § 34-708A. See ¶ 9 of this Affidavit and Ex. B.

4. Even if an Independent candidate for President does not obtain the number of signatures required to appear on the ballot for the 2012 general election, the candidate could run as a write-in candidate and his or her votes would be counted if he or she filed a declaration of intent to be a write-in candidate with the Office of the Secretary of State at least fourteen days before the 2012 general election. Idaho Code § 34-702A.

### B. Current Conditions

5. As of the beginning of the business day of that day upon which I have signed this Affidavit, no person has asked the Office of the Secretary of State to provide forms for declaration of candidacy as an Independent candidate for President for the 2012 general election, and no person has filed a declaration of candidacy with the Idaho Secretary of State as an Independent candidate for President for the 2012 general election. If I should receive such a declaration of candidacy before the Court takes up the Motions for Summary Judgment, I will instruct my counsel to notify the Court of its receipt.

### C. Circulation of Petitions for Elections

6. I am aware of at least one instance in past Idaho elections in which a person purported to circulate election petitions (in that case for an initiative), pleaded guilty to making a false affidavit on a petition (forging signatures) in violation of Idaho Code §§ 34-1818, 34-1822 and 34-111, a felony, and absconded from her supervised probation after pleading guilty. I have provided my counsel with information concerning that criminal case, and they have in turn provided the Court with documents from that case. See Gilmore Affidavit, Ex. H-1 through H-11.

7. There have been instances of persons who circulated petitions for Idaho elections giving addresses that are motels, which indicates that they are likely to be transient and may not have ties to the State. It may be difficult to find such persons if they were to violate Idaho elections laws while circulating petitions. Ex. A provides examples of such persons who circulated petitions for an initiative for the 2006 general election ballot. The documents appearing in

Ex. A were petitions to place an initiative on the 2006 general election ballot. The petitions from which these copies were made are public records regularly maintained in the Office of the Secretary of State. The Staff of the Secretary of State's Office has verified that the following addresses given by petition circulators are hotels or motels:

    (a)    Sam Lopez, Jr., gave an address of 900 Lindsay Blvd. Idaho Falls Idaho 83402, which is the address of the Best Western Cotton Tree Inn, a motel;

    (b)    Robert T. Kernan, gave an address of 2600 Fairview Avenue Boise Idaho 83702, which is the address of the Budget Inn, a motel;

    (c)    Ravi Patel, gave an address of 1600 [West] Main Street Boise Idaho 83702, which is the address of the Cabana Inn, a motel;

    (d)    M. Brunner [signature illegible, this may be a misspelling], gave an address of 3633 Chinden Blvd, no city listed, which is the address of the Seven K Motel in Garden City, Idaho;

    (e)    Rosemarie Prilliman, gave an address of 2773 Elder Street #221 Boise I.D. 83705, which is the address of the Super 8, which is a motel.

    (f)    Thomas Egley, Jr., also gave an address of 2773 Elder Street Boise Id 83705, which is the address of the Super 8, which is a motel.

**D. Votes for Independent Candidates for President in Idaho in Recent Elections**

    8.    The candidate to whom Mr. Daien refers in his Complaint—Ralph Nader—has received substantial votes in Idaho general elections as an Independent candidate for President, either as a write-in Independent candidate or as an Independent candidate who qualified for the ballot. So have other Independent candidates. Exhibits B through E, which are referred to below, accurately reflect Presidential voting in Idaho general elections as certified by the Board of Canvassers under Idaho Code § 34-1211 through § 34-1215.

    9.    In 2008 Mr. Nader qualified for the ballot as an Independent candidate for President by gathering signatures of registered voters exceeding 1% of the number of votes cast for presidential electors in 2004. In 2008 Mr. Nader received 7,175 votes, or about 1.1% of the

655,032 ballots cast for the four candidates of political parties who qualified for the ballot and for Mr. Nader. See Ex. B, which is taken from the website of the Idaho Secretary of State.

10. In 2004 Mr. Nader received 1,115 write-in votes as an Independent candidate for President, or about 0.2% of the 598,376 ballots cast for the four candidates of political parties who qualified for the ballot and for Mr. Nader. See C, which is taken from the website of the Idaho Secretary of State.

11. In 2000 Mr. Nader received 12,292 write-in votes as an Independent candidate for President, or about 2.5% of the 501,315 ballots cast for the six candidates of political parties who qualified for the ballot and for Mr. Nader. See Ex. D, which is taken from the website of the Idaho Secretary of State.

12. Other candidates besides Mr. Nader in 2008 have gathered sufficient signatures to appear on the ballot as an independent candidate for President. In the general election of 1992 three candidates appeared on the Idaho ballot as Independent candidates for President: Lenora Fulani, Bo Gritz, and Ross Perot. They received 613, 10,281 and 130,395 votes respectively, or about 0.1%, 2.1%, and 27.0%, respectively, of the 482,114 votes cast for President for the three party and three Independent candidates for President. See Ex. E, which is taken from the website of the Idaho Secretary of State

13. Mr. Nader was an Independent write-in candidate for President in Idaho in 2000. Mr. Nader appeared on other States' ballot in 2000 as the Presidential candidate of the Green Party. The Green Party has never qualified for the ballot in Idaho. Political parties may qualify for the ballot in Idaho by one of three ways prescribed in Idaho Code § 34-501(1):

    (a)    by having three or more candidates for statewide or national office,

    (b)    by having one of its candidates for statewide office poll at least 3% of the aggregate total vote for President or Governor, or

    (c)    by obtaining the signatures of 2% of the number of qualified electors who voted for President or Governor in the preceding general election.

In 2000 the Green Party did not meet any of these conditions, so it was necessary for Mr. Nader

to run in Idaho as an Independent candidate for President while he was running as a Green Party candidate in many other States. This shows that Mr. Nader has pursued Independent candidate status in Idaho while in the same election he was affiliated with a political party in other States.

14. This concludes my Affidavit.

*Ben Ysursa*
BEN YSURSA
Secretary of State

SUBSCRIBED AND SWORN to before me this 8th day of September, 2009.

*Betsie Kimbrough*
Notary Public
Residing at: Canyon County
My Commission Expires: Oct. 18, 2013

---

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2009, I served the foregoing AFFIDAVIT OF DEFENDANT, THE HON. BEN YSURSA, SECRETARY OF STATE OF IDAHO, on the following individuals by the method indicated:

Daniel Treuden
Robert E. Barnes
The Bernhoft Law Firm, S.C.
207 E. Buffalo St., Ste. 600
Milwaukee, WI  53202

☒ CM/ECF
☐ U.S. Mail
☐ Hand Delivery
☐ Certified Mail, Return Receipt Requested
☐ Overnight Mail
☐ Facsimile: (414) 276-2822
☐ E-mail: djtreuden@bernhoftlaw.com
           rebarnes@bernhoftlaw.com

Christ T. Troupis
Troupis Law Office PA
PO Box 2408
Eagle, ID  83616

☐ U.S. Mail
☐ Hand Delivery
☐ Certified Mail, Return Receipt Requested
☐ Overnight Mail
☐ Facsimile: (414) 276-2822
☐ E-mail: ctroupis@troupislaw.com
☒ CM/ECF

*Michael S. Gilmore*
Michael S. Gilmore
Karin D. Jones
Deputy Attorneys General